IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MELVIN CAIN                                                                                          PLAINTIFF

V.                                                               NO. 3:14CV00079-JMV

CAROLYN W. COLVIN
Acting Commissioner of SSA                                                DEFENDANT

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [22] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [21] dated September 29, 2014, this court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $7,362.95, representing 38.6 hours of attorney time at a rate of $190.75 per hour on the grounds that he was the prevailing party and the Commissioner's position was not "substantially justified." The Commissioner has filed no response to the instant request for fees. Nevertheless, for the reasons that follow, the court is of the opinion that the amount requested should be slightly reduced.

In the case of *Fowler v. Colvin*, Cause No. 4:14cv39-JMV, this court determined that of the two indices (national and regional) offered for the purpose of calculating the cost-of-living adjustment ("COLA") under the EAJA, the "South urban" index, the regional index, better reflected the cost-of-living increase for the locale where the litigation occurred (Mississippi). Here, Plaintiff's counsel's calculation of fees is based on figures taken from the national index. Because the litigation here occurred in the same division as the litigation in *Fowler* and for the

sake of consistency, the court finds the regional index is more appropriate for calculation of the COLA in this case.

According to the regional index–published by the Bureau of Labor Statistics on its website–the CPI for the South urban region was 152.4 in March 1996, when the $125 EAJA hourly cap was instituted. The average regional CPI figure for the months in 2014 when counsel performed most of his work on this case (July - October) was 231.629. This is an increase of approximately 52 percent since March 1996 and, therefore, represents a significant increase in the cost of living which justifies an increase in the hourly rate for attorney's fees. Ultimately, this increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $189.98 in this case (231.629 x125/152.4). Therefore, counsel is entitled to no more than $7,333.23 for 38.6 hours of work performed in 2014. The court finds this amount is reasonable and does not exceed market rate attorney's fees.

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to Plaintiff $7,333.23 in attorney's fees for the benefit of counsel for Plaintiff.

This, 19th day of December, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE